MATTER OF PAWA PLANE NO. 715

In FINE Proceedings

HHW-10/24.1 & 10/24.3

*Decided by Board June 22, 1960*

**Fine—Section 231 of 1952 act—Opportunity for correction not required where history of errors and warnings exists.**

Carrier which has repeatedly submitted incorrect Forms I-94 and has been warned about further errors incurs liability for fine under section 231 of 1952 act because of clerical errors in its manifests even without an opportunity for correction, withheld because of resultant delay in inspection. (Cf. *Matter of PAWA Plane No. 774,* 7 I. & N. Dec. 403.)

In re: PAWA Plane No. 715, "Flight 852/19," which arrived at Honolulu from foreign on October 19, 1959—12 passengers involved; PAWA Plane "Flight 852/26," which arrived at Honolulu from foreign on October 25, 1959—15 alien passengers involved.

Basis for Fine: Act of 1952—Section 231 [8 U.S.C. 1221] and 8 CFR 231.1.

## BEFORE THE BOARD

**Discussion:** These appeals are directed to administrative penalties totaling $270 ($10 as to each passenger involved), which the District Director at Honolulu has ordered imposed on this carrier for failure to present properly executed Forms I-94 as a part of the arrival manifests submitted as to them. Specifically, it is charged that the Forms I-94 were deficient in that the passengers' names were incompletely or incorrectly reported; their addresses in the United States were not shown; information as to the issuance of their visas was omitted; or the forms were not legible.

The carrier does not dispute the fact that the Forms I-94 presented were not properly executed. It states that one of its employees was assigned in the immigration clearance area to screen these forms for each of these flights. It contends that in connection with the arrival of each of these aircraft said employees aver that they were not notified of deficiencies during the examination of the passengers. Under such circumstances, it claims that no fines lie on the authority of an unreported decision of this Board (F-0300/7725, August 14, 1956) wherein we held that where the errors involved in the Forms I-94 were minor, of a clerical nature, inadver-

tent, and not made with the intent to violate the immigration laws of the United States, the provisions of paragraphs 11.3 and 11.4 of Annex 9, International Civil Aviation Convention, governed and that a fine could not be imposed unless the carrier had first been given an opportunity to correct the errors.

The district director states that Service officers, as a matter of practice, have been instructed to call such deficiencies as existed here to the attention of the carrier's representatives and to give them an opportunity to correct the errors, and that this practice was followed in this instance. He asserts that the carrier's available representatives were unable to make the corrections without abnormal and undue delay of immigration inspection. He sets forth that as recently as August 11, 1959, he formally notified this carrier in writing of numerous deficiencies and mistakes in the presentation of the Forms I–94 the carrier was presenting for its passengers and advised the carrier that repeated errors of this nature would result in the imposition of penalties. Under such circumstances, he held that liability to fine had been incurred on the authority of a prior precedent decision of this Board involving the same carrier (*Matter of PAWA Plane No. 774*, 7 I. & N. Dec. 403). In doing so, he properly distinguished this case from the one relied on by the carrier wherein (1) no opportunity was given for the correction of minor clerical and inadvertent errors; (2) there was no history of such errors; and (3) delay of inspection would not have resulted had the carrier been given an opportunity to correct the errors.

Upon careful consideration of the entire evidence, together with the representations throughout, we are of the opinion that the district director has properly ordered the penalties imposed in these cases for the reasons and on the authority stated in his opinion. Briefly, a carrier which has repeatedly submitted incorrect manifests and has been warned about further errors is subject to a fine for clerical errors in its manifests, even without the opportunity for correction. In such a situation the United States implementation to paragraphs 11.3 and 11.4 of Annex 9 to the Convention on International Civil Aviation, is controlling on the question of liability (7 I. & N. Dec. 403, *supra*). While that decision involves a different section of the law (section 251 of the Immigration and Nationality Act; 8 U.S.C. 1281), the reasoning thereof is equally applicable here.

**Order:** It is ordered that the appeals be and the same are hereby dismissed.